IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Tyler Stocks,

    Plaintiff

vs.      Case No.

Universal Recovery Corporation,

    Defendant

### COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Tyler Stocks ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Mexico, County of Curry, and City of Clovis.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Universal Recovery Corporation ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Maureen Casey," placed calls to Plaintiff's cellular telephone on March 17, 2011 at 9:57 A.M, March 18, 2011 at 11:50 A.M., March

24, 2011 at 11:29 A.M., March 24, 2011 at 11:31 A.M., March 24, 2011 at 1:54 P.M., March 25, 2011 at 3:00 P.M., and in each such instance, left a voicemail message for Plaintiff in which Defendant failed to disclose its true corporate and/or business name, and further failed to notify Plaintiff that such calls were from a debt collector.  (15 U.S.C. §§ 1692d(6), 1692e(11).

12. In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Maureen Casey," placed calls to Plaintiff's cellular telephone on March 17, 2011 at 9:57 A.M, March 24, 2011 at 11:29 A.M., March 24, 2011 at 11:31 A.M., March 25, 2011 at 3:00 P.M., and in each such instance, left a voicemail message for Plaintiff in which Defendant stated to Plaintiff that such calls were from the "legal department."  (15 U.S.C. §§ 1692e(3); 1692e(10)).

13. In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Maureen Casey," placed a call to Plaintiff's cellular telephone on March 18, 2011 at 11:50 A.M., and at such time, left a voicemail message for Plaintiff in which Defendant stated that if Plaintiff were not to "take care of it," that Defendant would "be moving forward immediately," action(s) Defendant did not intend to take.  (15 U.S.C. §§ 1692e(5), 1692e(10)).

14. In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Maureen Casey," placed a call to Plaintiff's cellular telephone on March 25, 2011 at 3:00 P.M., and at such time, left Plaintiff a voicemail message in which Defendant stated, in relevant part, "[I] just can't believe you. I am just really, really utterly shocked. And you're in the military. In

the military. Have you no pride? You need to contact me right away." The natural consequence of such language was to abuse and harass Plaintiff.  (15 U.S.C. § 1692d(2)).

15. In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Maureen Casey," placed a call to Plaintiff's cellular telephone on April 4, 2011 at 3:00 P.M., and at such time, left Plaintiff a voicemail message in which Defendant stated, in relevant part, "[Y]ou need to call me back right away.  I'm tired of all these games!  I am all done.  Don't run from this! What is your problem?  Why don't you return my call?"  The natural consequence of such language was to abuse and harass Plaintiff.  (15 U.S.C. § 1692d(2)).

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted,


s/Larry Leshin
Larry Leshin
Weisberg & Meyers, LLC
1216 Indiana St. NE
Albuquerque, NM 87110
866 775 3666
866 565 1327 facsimile
Attorney for Plaintiff